```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

SANDRA FRAZIER,                   :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO.  3:11cv1762(AWT)
                                  :
APM FINANCIAL SOLUTIONS, LLC,     :
                                  :
     Defendant.                   :
```

MAGISTRATE JUDGE'S CERTIFICATION OF FACTS
TO THE DISTRICT JUDGE PURSUANT TO 28 U.S.C. § 636(e)

In November 2011, the plaintiff, Sandra Frazier, commenced this action against the defendant, APM Financial Solutions, LLC, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110g.  The defendant failed to answer or otherwise appear.  In March 2012, the Clerk of the Court granted the plaintiff's motion for entry of default.  (Doc. #9.)  In April 2012, the court (Thompson, J.) granted the plaintiff's motion for default judgment and entered judgment against the defendant in the amount of $6000.  The court further ordered that "[s]tatutory interest shall accrue on the amount of judgment pursuant to Title 28 U.S.C. § 1961 from the date the judgment is entered."  (Doc. #11.)  The case was closed.  Thereafter the plaintiff propounded post-judgment discovery.  When the defendant failed to respond, the plaintiff filed a motion to compel, which the court granted.  (Doc. #15.)  The plaintiff now requests that the court adjudge the

defendant in civil contempt[1] for failing to comply with the court's order to respond to post-judgment discovery or pay the judgment. (Doc. #16.)

I. Legal Standard

   A.  Civil Contempt

"Whether imposed pursuant to Rule 37 or the court's inherent power, a contempt order is . . . a potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 145 (2d Cir. 2010). "A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the

---

[1] There is "considerable confusion" regarding "the distinction between civil and criminal contempt." Hubbard v. Fleet Mortgage Co., 810 F.2d 778, 781 (8th Cir. 1987). "[W]hether a contempt is civil or criminal turns on the 'character and purpose' of the sanction involved." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994) (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911)). "The chief characteristic of civil contempt is that its purpose is to compel obedience to an order of the court to enforce the rights of the other party to the action." In re Irving, 600 F.2d 1027, 1031 (2d Cir. 1979). "The purpose of an order of criminal contempt, on the other hand, is punitive. It is imposed to vindicate the court's authority." Id.

contemnor has not diligently attempted to comply in a reasonable manner." Id.

    B.    <u>Magistrate Judge's Authority Regarding Civil Contempt</u>

"While district courts have wide discretion in imposing sanctions for failure to comply with discovery orders . . . United States magistrate judges have limited civil contempt authority." <u>Funnekotter v. Republic of Zimbabwe</u>, No. 09 Civ. 08168(CM)(THK), 2011 WL 5517860, at *2 (S.D.N.Y. Nov. 10, 2011)(citation omitted). "The jurisdictional limitations placed upon United States magistrate judges, when addressing a motion for civil contempt, are informed by the provisions of 28 U.S.C. § 636(e)."[2] <u>NXIVM Corp. v. Bouchey</u>, No. 1:11-MC-0058(GLS/DEP), 2011 WL 5080322, at *3 (N.D.N.Y. Oct. 24, 2011). "Under that section, in a case other than one over which the magistrate judge presides with a consent of the parties under 28 U.S.C. § 636(c), a magistrate judge is not

---

[2] Section 636(e)(6)(B)(iii) provides that in civil, non-consent cases, where an act constitutes a civil contempt,
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such persons in the same manner and to that same extent as for a contempt committed before a district judge.

authorized to issue a final contempt order."[3] Id. (citing cases). "Instead, the magistrate judge's function in a 'non-consent' case is to certify facts relevant to the issue of civil contempt to the district court." Id. (citing cases). "In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Toxey v. United States, No. 10 CIV. 3339(RJH)(KNF), 2011 WL 4057665, at *2 (S.D.N.Y. Aug. 25, 2011 (quotation marks and citation omitted). See Servaas Inc. v. Republic of Iraq, No. 09 CIV. 1862(RMB), 2013 WL 5913363, at *2 (S.D.N.Y. Nov. 4, 2013) (same); see also Trustees of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc., No. 14-CV-2894, 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015)("[T]he magistrate judge functions only to certify the facts and not to issue an order of contempt.").

"The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations

---

[3]The 2000 amendments to § 636(e) expanded the contempt authority that magistrate judges may exercise. Magistrate Judges were given summary criminal contempt authority to punish misbehavior occurring in their presence that obstructs the administration of justice. 28 U.S.C. § 636(e)(2). They also were granted criminal contempt and civil contempt authority in misdemeanor cases and civil consent cases. 28 U.S.C. §§ 636(e)(3), (4). See Federal Courts Improvement Act of 2000, Pub. L. No. 106-518, § 202, 114 Stat. 2410, 2412 (codified at 28 U.S.C. §§ 179, 613).

are to be made." Bowens v. Atlantic Maint. Corp., 546 F. Supp.2d 55, 71 (E.D.N.Y. 2008).  See NXIVM Corp. v. Bouchey, No. 1:11-MC-0058, 2011 WL 5080322, at *4 (N.D.N.Y. Oct. 24, 2011)(same).  "Whether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court."  Church v. Steller, 35 F. Supp.2d 215, 217 (N.D.N.Y. 1999).

II. Certification of Facts

    A. Violation of the Court's Discovery Order

The court construes plaintiff's motion for contempt as a motion for certification of facts pursuant to 28 U.S.C. § 636(e). On the record before the court, the plaintiff has adduced sufficient evidence to establish a prima facie case of contempt. Accordingly, the undersigned certifies the following facts to the district judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii):

- Judgment entered in favor of the plaintiff on April 25, 2012.  (Doc. #12.)

- After the court entered judgment, the plaintiff sent defendant post-judgment interrogatories seeking information about defendant's income and assets in order to enforce the judgment. The defendant did not respond.

- In July 2012, the plaintiff moved to compel the defendant to respond to the discovery requests.  (Doc. #13.)  The defendant did not respond to the motion.  In August 2012, the court granted

the motion absent objection or response of any kind.  (Doc. #15.)

- In October 2012, the plaintiff filed a "Motion for Order to Show Cause" why defendant should not be found in contempt for its failure to pay the judgment or comply with the court's order that it respond to post-judgment discovery.  (Doc. #16.)  The court (Thompson, J.) referred the motion to this Magistrate Judge.  (Doc. #17.)

- In June 2013, the court granted the plaintiff's motion and scheduled a hearing.  The court ordered the defendant to appear and to file a memorandum addressing the plaintiff's motion.  The plaintiff filed proof of service showing that the defendant had been personally served with the court's order.  (Doc. #18.)

- The defendant still did not provide responses to the outstanding discovery requests.  Nor did the defendant comply with the court's directive to file a memorandum in opposition to the plaintiff's motion and to appear in court.

"A district court clearly has discretion to impose contempt sanctions for violations of post-judgment discovery orders." Servaas Inc. v. Republic of Iraq, No. 09 CIV. 1862(RMB), 2014 WL 279507, at *2 (S.D.N.Y. Jan. 24, 2014); Export-Import Bank of Republic of China v. Grenada, No. 06 CIV 2469(HB), 2010 WL 5463876, at *1 (S.D.N.Y. Dec. 29, 2010) (same). See, e.g., Ferrara v. Nordev, LLC, 10 Civ. 5844(JFB)(WDW), 2012 WL 1999643 at *2 (E.D.N.Y. Apr. 10, 2012) (an order of civil contempt is warranted

"to coerce [defendants] into compliance with the post-judgment discovery demands duly served on them . . . ."). Based on these certified facts, the plaintiff has made her required showing to demonstrate contempt. The court's order granting the plaintiff's motion to compel the defendant to respond to post-judgment discovery is clear and unambiguous, the proof of defendant's non-compliance is clear and convincing and the defendant was not reasonably diligent in attempting to comply. See Ferrara, 2012 WL 1999643 at *3 (certifying facts pursuant to 28 U.S.C. § 636(e) where defendants failed to comply with post-judgment discovery); State Farm Mut. Auto. Ins. Co. v. Cohan, No. CV 09-2990 (JS), 2010 WL 3000685, at *3 (E.D.N.Y. July 28, 2010)(same).

B. Failure to Pay Judgment

The plaintiff also moves for an order adjudging defendant in civil contempt for failure to pay the judgment. (Doc. #16 at 1.) Plaintiff cites as authority Fed. R. Civ. P. 70(e).[4] (Doc. #24, tr. at 9.) That authority is inapposite. Rule 70 governs judgments that direct specific acts. 12 Charles Alan Wright, et al., Federal Practice & Procedure § 3021 at 199 (3d ed. 2014)("The rule applies

[4]Fed. R. Civ. P. 70 provides in relevant part:
(a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done -- at the disobedient party's expense -- by another person appointed by the court. When done, the act has the same effect as if done by the party. . . .

only if a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party has failed to comply within the time specified.")  The judgment here is a money judgment.  "[U]nless the default judgment expressly directs performance of a specific act, relief pursuant to Rule 70 is unavailable." Dell, Inc. v. Advicon Computer Services, Inc., No. 06-11224, 2008 WL 2157047, at *8 (E.D. Mich. May 22, 2008).  "Pursuant to Federal Rule of Civil Procedure 69(a)(1), money judgments are enforced by entry of judgment and writ of execution, not by a contempt order absent exceptional circumstances. . . . While a court may hold a disobedient party in contempt to enforce a judgment for a specific act pursuant to Rule 70, Rule 70's equitable remedies are not appropriate to enforce a money judgment." Nykcool A.B. v. Pacific Fruit Inc., No. 10 Civ. 3867(LAK)(AJP), 2012 WL 1255019, at *8 (S.D.N.Y. Aug. 16, 2012). "[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." Combs v. Ryan's Coal Co., 785 F.2d 970, 980 (11th Cir. 1986).  See Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 (1st Cir. 1997)(same); Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983)("[t]he proper means . . . to secure compliance with a money judgment is to seek a writ of execution"); Jou v. Adalian, No. 09-00226, 2015 WL 477268, at *1 (D. Haw. Feb. 5, 2015)(same); 12 Charles Alan Wright, et al., Federal Practice and

Procedure § 3011 at 168 (3d ed. 2014) ("[A] money judgment is not a personal order to the defendant that is enforceable by contempt . . . ."). The court declines to certify facts pursuant to 28 U.S.C. § 636(e) as to defendant's failure to pay the judgment.

III. Conclusion

For these reasons, the undersigned magistrate judge certifies facts pursuant to 28 U.S.C. § 636(e)(6) as to the defendant's failure to comply with the court's discovery order. The plaintiff shall serve the defendant with a copy of this Order and Certification of Facts.

SO ORDERED at Hartford, Connecticut this 9th day of December, 2015.

                                                _____/s/_____
                                                Donna F. Martinez
                                                United States Magistrate Judge